**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| BAO NGUYEN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SGT. MICHAEL HARDMAN, TROOPER ANTHONY NUNZIATO, and TROOPER BLAKE BROWN, in their personal capacities,<br><br>　　　　　　Defendants. | Civil Action No. _____<br><br><br>**COMPLAINT** |

Plaintiff, BAO NGUYEN, is a journalist who was arrested by Defendants, Massachusetts State Police SG. MICHAEL HARDMAN, TROOPER ANTHONY NUNZIATO, and TROOPER BLAKE BROWN for trumped-up charges of disturbing the peace and trespass merely for engaging in journalism. Plaintiff brings claims under 42 U.S.C. § 1983 for Defendants' violation of his First and Fourth Amendment rights, and alleges as follows:

## THE PARTIES

1. Plaintiff Bao Nguyen is a natural person who resides in Arlington, Texas.

2. Defendant Sgt. Michael Hardman is an officer with the Massachusetts State Police and, at all relevant times, worked in the Commonwealth of Massachusetts.

3. Defendant Trooper Anthony Nunziato is an officer with the Massachusetts State Police and, at all relevant times, worked in the Commonwealth of Massachusetts.

4. Defendant Trooper Blake Brown is an officer with the Massachusetts State Police and, at all relevant times, worked in the Commonwealth of Massachusetts.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this civil action per 28 U.S.C. § 1331 as this is a civil action arising under 42 U.S.C. § 1983 and the First and Fourth Amendments to the U.S. Constitution.

6.      This Court has personal jurisdiction over all Defendants as they are all citizens or organs of the Commonwealth of Massachusetts, and the Defendants committed the acts complained of within the said Commonwealth.

7.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) & (2) as all Defendants reside in this District and all events giving rise to the claim occurred in this District.

## FACTUAL BACKGROUND

### General Background

8.      On or about January 29, 2022, John O'Keefe, a Boston Police Officer, died.

9.      On or about June 9, 2022, a true bill was returned in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Norfolk County, indicting Karen Read and charging her with a) second degree murder of O'Keefe per G.L. c. 265, § 1; b) killing O'Keefe with her motor vehicle while intoxicated per G.L. c. 265, § 13 ½; and c) a hit-and-run death of O'Keefe under. G.L. c. 90, § 24,(2)(a ½)(2).

10.     Judge Beverly Cannone was the presiding judge in the Read prosecution, in the case styled *Commonwealth v. Read,* Case No. 2282CR00017, in the Trial Court of the Commonwealth of Massachusetts, Superior Court Department, Norfolk County (hereinafter the "*Read* Case").

11.     A trial in the *Read* Case was held in 2024, which resulted in a mistrial after the jury failed to reach a unanimous decision (hereinafter "first trial").

12.     A second trial in the *Read* Case began on April 1, 2025 (hereinafter "second trial").

13.     Prior to the first trial, the Commonwealth filed a motion to *inter alia* create a "buffer zone" beyond the grounds of the Norfolk Superior Courthouse, to prohibit any individual from demonstrating in any manner about Read, law enforcement, the DA, potential witnesses, and

evidence within 500 feet of the court complex during the trial.

14.     Judge Cannone then issued an order granting the Commonwealth's motion, asserting that the Commonwealth's perceived inconveniences overcame everyone else's First Amendment rights, without regard for any differentiation between members of the public, and expressly ordered that "no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case, unless otherwise ordered by this Court.  This complex includes the Norfolk Superior courthouse building and the parking area behind the Norfolk County Registry of Deeds building.  Individuals are also prohibited from using audio enhancing devices while protesting." *See* **Exhibit A**.

15.     Speech that does not qualify as a "demonstrat[ion]" was not restricted.  Thus, a nearby café could advertise breakfast using a bullhorn and parade its menu on picket signs and placards; Celtics and Bruins fans could similarly honor their teams by hooting/hollering and carrying placards.  And in fact, commercial speech was permitted within the zone.

16.     In advance of the second trial, the Commonwealth again moved for a buffer zone, but with a larger area (again, encompassing private property and traditional public fora, including public sidewalks and other areas).  The Commonwealth also sought specific instructions to request police to use force to quash any dissent or protest.  *See* **Exhibit B.**

17.     Without an opportunity for affected persons to intervene or be heard, Judge Cannone issued an Order on March 25, 2025, granting the Commonwealth's motion, asserting that the basis for the first motion warranted a *larger* buffer zone for the second trial, and expressly ordered that "no individual may demonstrate in any manner, including carrying signs or placards, within 200 feet of the courthouse complex during trial of this case, unless otherwise ordered by this Court.  This complex includes the Norfolk Superior courthouse building and the parking area

behind the Norfolk County Registry of Deeds building. The buffer zone shall further be extended to include the area bounded by Bates Court, Bullard Street, Ames Street, and Court Street. Individuals are also prohibited from using audio enhancing devices while protesting." *See* **Exhibit C** (hereinafter "Second Prior Restraint Order").

18. Massachusetts State Police officers took action to enforce the buffer zone order during the first trial, and the State Police, including Defendants, who acted to enforce the Second Prior Restraint Order.

### State Police Officers Interfere with Nguyen's Newsgathering

19. Plaintiff is a decorated combat veteran who served in Operation Iraqi Freedom and is a citizen-journalist.

20. He is the host of *Clash with Bao* and *Smurf Watch Transparency* (a police oversight project) on YouTube, and he has tens of thousands of subscribers.

21. On April 22, 2025, Nguyen was walking on the sidewalk near the Dedham Courthouse, inside the "buffer zone," but he was not protesting, he was news gathering.

22. While doing so, he recorded a video through his phone.

23. A true and correct copy of the video appears at **Exhibit D**.

24. While newsgathering in the "buffer zone," Defendant Hardman, without cause, ordered Plaintiff out of the buffer zone.

25. According to the police report, the sole purported provocation for Hardman's order was that he was "walking and filming in the street" coincidentally while trial participants were leaving vehicles.

26. Hardman sent Troopers Nunziato and Brown to direct Plaintiff out of the buffer zone, despite Plaintiff's right to be present.

27.     While Plaintiff was attempting to engage the troopers in a discussion about Hardman's unlawful directive, Hardman suddenly ordered that Plaintiff be arrested for trespassing.

28.     Thereupon, Defendants effected the arrest of Plaintiff.

29.     Plaintiff was charged with trespass (G.L. c. 266, § 120) and disturbing the peace (G.L. c. 272, § 53).  *See Comm. v. Nguyen,* Case No. 2554CR000509 (Dedham Dist. Ct. filed Apr. 22, 2025).

30.     Plaintiff was forced to spend the night in jail for a purported competency evaluation, which he passed.

31.     In the course and scope of the arrest, Plaintiff struck his head and suffered a concussion.

32.     The charges have since been dismissed.

33.     On May 28, 2025, this Court (Joun, J.) held that journalism inside the buffer zone was constitutionally-protected activity.

34.     Specifically, he wrote that "although the Buffer Zone Orders are clear, the record shows a persistent pattern of arrests or threats of arrest to protesters and non-protesters alike who are complying the with Buffer Zone Orders.  The buffer zone is not a people-free zone.  The public has the right of access, not only to the sidewalks and pathways of the courthouse, but access into the courthouse itself.  The Buffer Zone Orders may be enforced only against those individuals who engage in activities that are intended to interfere with the administration of justice or are intended to influence trial participants in the discharge of their duties within the buffer zone." *Grant v. Trial Court,* 784 F. Supp. 3d 475, 2025 U.S Dist. LEXIS 105493 at *24-25 (D. Mass. May 28, 2025).

35.    Thus, he found that Defendant Hardman acted inappropriately when he ordered two other journalists out of the buffer zone depriving them of their constitutionally-protected speech activities.

36.    This Order should not have been necessary, as it was obvious to anyone that journalism is protected speech.  However, in the event there is even the slightest doubt, this Court's order made it specifically clear.

37.    Judge Joun then enjoined the Massachusetts State Police from prosecuting Mr. Nguyen for his journalistic activities, stating:

> Law enforcement officers are enjoined from enforcing the Buffer Zone Orders in ways that are inconsistent with this decision. Prior to enforcement, law enforcement officers must be able to clearly articulate, without speculation, how any individual violated the Buffer Zone Orders, consistent with this decision.

*Id.* at *30.

38.    Defendants have taken no action to cause the prosecution to be terminated despite this injunction.

## CAUSES OF ACTION

### *Count I*
**Violation of the First Amendment to the United States Constitution: Retaliation**
**(42 U.S.C. 1983 – First Amendment)**

39.    Plaintiff hereby repeats and realleges each and every allegation in the foregoing paragraphs as if set forth fully herein.

40.    The conduct of Defendants of ordering Nguyen from the buffer zone and arresting him on account of his April 22, 2025, constitutionally protected newsgathering activities is unconstitutional and violates his First Amendment right to freedom of speech and expression, and freedom of the press.

41. It is clearly established that there is a First Amendment right to engage in lawful newsgathering activities, which activities were not prohibited in the buffer zone.

42. The restriction by Defendants on Plaintiff's speech is content-based and is in violation of the Free Speech and Free Press Clauses of the First Amendment.

43. The violation of Nguyen's First Amendment rights has caused him damage, including a concussion, mental and emotional injury.

44. Plaintiff has been injured by these constitutional violations, and he is entitled to relief, including, but not limited to, compensatory damages.

### *Count II*
### Violation of the Fourth Amendment to the United States Constitution: Unlawful Detention
### (42 U.S.C. 1983 – Fourth Amendment)

45. Plaintiff repeats and realleges each and every allegation in paragraphs 1-38 as if set forth fully herein.

46. At all times relevant to this Complaint, Nguyen had a clearly established right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure and arrest of his person by law enforcement officers such as the Defendants.

47. At all times, Nguyen had a liberty interest in newsgathering.

48. Defendants unlawfully and unreasonably detained Nguyen on April 22 because of his newsgathering activities.

49. Such seizures were warrantless and without probable cause.

50. There were no governmental interests to warrant such intrusion on Nguyen's interests.

51. Due to Defendants' unlawful conduct, Nguyen is entitled to all allowable damages under law.

52.     Such seizures were under color of state law.

53.     Plaintiff may, therefore, recover against Defendants pursuant to 42 U.S.C. § 1983 for the deprivation of his rights.

54.     Violating Plaintiff's Fourth Amendment rights proximately caused him damage, including a concussion and mental and emotional injury.

55.     Plaintiff has been injured by these constitutional violations, and he is entitled to relief, including, but not limited to, compensatory damages.

### *Count III*
### Violation of the Fourth Amendment to the United States Constitution:
### Malicious Prosecution
### (42 U.S.C. 1983 – Fourth Amendment)

56.     Plaintiff repeats and realleges each and every allegation in paragraphs 1-38 as if set forth fully herein.

57.     At all times relevant to this Complaint, Plaintiff had a clearly established right under the Fourth Amendment to the United States Constitution to be free from malicious prosecution by law enforcement officers such as Defendants.

58.     The charges brought by Defendants stemming from the April 22 arrest have, so far, resolved in Plaintiff's favor.

59.     Defendants, therefore, subjected Plaintiff to a seizure without probable cause.

60.     Such seizure constitutes a malicious prosecution in violation of the Fourth Amendment.

61.     Such malicious prosecution by Defendants was under color of state law.

62.     Plaintiff may, therefore, recover against Defendants pursuant to 42 U.S.C. § 1983 for the deprivation of his rights.

63.    Due to Defendants' unlawful conduct, Plaintiff is entitled to all allowable damages under law.

64.    Violating Plaintiff's Fourth Amendment rights proximately caused him damage, including a concussion and mental and emotional injury.

65.    Plaintiff has been injured by these constitutional violations, and he is entitled to relief, including, but not limited to, compensatory damages.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on each claim asserted or hereafter asserted in the Complaint, and on each defense asserted or hereafter asserted by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks this Court:

A.    A declaration that Defendants' actions constituted a violation of Plaintiff's First Amendment rights.

B.    A declaration that Defendants' actions constituted an unlawful seizure and arrest against Plaintiff.

C.    A declaration that Defendants' actions constituted a malicious prosecution of Plaintiff.

D.    A preliminary and permanent injunction enjoining each Defendant from interfering with Plaintiff's right to lawfully engage in constitutionally protected expression and activity.

E.    To award Plaintiff damages for the violation of his constitutional rights.

F.    To award Plaintiff his reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and any other applicable law; and

G.    To award such other relief as this Honorable Court may deem just and proper.

RANDAZZA | LEGAL GROUP

Dated : March 31, 2026.                    Respectfully Submitted,

/s/ Marc J. Randazza
Marc J. Randazza, BBO# 651477              Mark Trammell
mjr@randazza.com, ecf@randazza.com         (*Pro Hac Vice forthcoming)*
Jay M. Wolman, BBO# 666053                 Center for American Liberty
jmw@randazza.com                           P.O. Box 200942
RANDAZZA LEGAL GROUP, PLLC                 Pittsburgh, PA 15251
30 Western Avenue                          Tel: (703) 687-6200
Gloucester, MA 01930                       MTrammell@libertyCenter.org
Tel: (978) 801-1776

                                           *Attorneys for Plaintiffs.*

RANDAZZA | LEGAL GROUP

Complaint